In the Matter of the Claim of WALTER COLLINS, Respondent, against GENERAL DROP FORGE CORPORATION et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by an employer and its insurance carrier from the award- made to claimant by the Workmen's Compensation Board for a 20% schedule loss of use of the right hand, under a schedule set forth in paragraph c of subdivision`3 of section 15 of the Workmen's Compensation Law. Appellants contend on this appeal that the board erred in making an award of 20% loss of use of claimant's right hand, and that he was entitled to compensation for a 60% loss of use of the right second finger, which would limit him to eighteen weeks compensation under the schedule set forth in paragraph i of subdivision 3 of section 15 of the same statute. Claimant was employed as a tow motor operator. On January 13, 1951, he suffered an industrial accident which caused him a 20% loss of use of the right thumb, and compensation was awarded for that injury. On July 24, 1951, claimant again suffered accidental injury to his right hand resulting in a 60% permanent loss of use of the right second finger. Upon this set of facts appellants contend that the limitation contained in subdivision 7 of section 15 of the Workmen's Compensation Law applies. The pertinent part thereof is as follows: " provided, however, that an employee who is suffering from a previous disability shall not receive compensation for a later injury in excess of the compensation allowed for such injury when considered by itself and not in conjunction with the previous disability except as hereinafter provided in subdivision eight of this section ". Respondents contend that claimant came within the exception under the limited liability provisions of subdivision 8 of section 15 as a partially disabled person whose employer had knowledge of his physical impairment. It appears from an exhibit attached to the brief of the respondents that claimant previously suffered a 60% loss of use of his left hand in an industrial accident. On this appeal it is argued for respondents that the board took this fact into consideration and determined claimant was continued in employment as a physically handicapped person. The difficulty with this argument is that nowhere in the record before us is there any such finding, nor is such a fact or conclusion mentioned in the memorandum of decision handed down by a panel of the board. If the board relied upon such a theory appropriate findings should have been made to sustain it. Award reversed, with costs to appellants and the matter remitted to the Workmen's Compensation Board for further consideration. Foster, P. J., Bergan, Coon, Imrie and Zeller, JJ., concur.